**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 27 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GILBERT J. GONZALES,

Petitioner - Appellant,

v.

ROBERT FURLONG; ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

Respondents - Appellees.

No. 01-1253

(D. Colorado)

(D.C. No. 00-D-846)

**ORDER AND JUDGMENT** *

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This case is before the court on Gilbert Gonzales' request for a certificate of appealability ("COA"). Gonzales seeks a COA so that he can appeal the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from the denial of a § 2254 habeas petition unless the petitioner first obtains a COA). Because Gonzales has not "made a substantial showing of the denial of a constitutional right," this court **denies** his request for a COA and **dismisses** this appeal. *See id.* § 2253(c)(2).

Gonzales was arrested in 1995 and charged with first degree murder and illegal discharge of a firearm; he was fourteen years old at the time. On the date he was scheduled to go to trial on the charges, Gonzales was offered and accepted a plea bargain. Pursuant to the plea agreement, Gonzales pleaded guilty to one count of second degree murder with a stipulated sentence of between thirty and forty-eight years. Gonzales was sentenced to a term of thirty-four years in the custody of the Colorado Department of Corrections and five years of mandatory parole.

Although Gonzales did not file a direct appeal, he did file a post-conviction motion in state court in 1996 challenging the validity of his guilty plea. He asserted that his counsel was constitutionally ineffective and that the guilty plea was obtained in violation of his right to due process. The state district court

denied relief. The Colorado Court of Appeals affirmed the denial of relief as to the due process claims but remanded for an evidentiary hearing on the claims of ineffective assistance. Gonzales did not seek review by the Colorado Supreme Court of the dismissal of his due process claims. In 1998, after holding an evidentiary hearing, the state district court again denied Gonzales relief on his claims of ineffective assistance of counsel. After the Colorado Court of Appeals affirmed the district court's denial of relief on the ineffective assistance claims, the Colorado Supreme Court denied Gonzales' petition for a writ of certiorari.

Gonzales then filed the instant 28 U.S.C. § 2254 habeas petition, raising the same claims he had asserted in state court. The district court concluded that Gonzales had not exhausted his due process claims because he did not seek discretionary review by the Colorado Supreme Court of the decision of the Colorado Court of Appeals affirming the dismissal of those claims. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 847-48 (1999). The district court further concluded that the due process claims were now procedurally defaulted because Gonzales was not entitled under Colorado law to file a second post-conviction motion in order exhaust the claims. *See People v. Hubbard*, 519 P.2d 945, 947 (1974); *see also Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000) ("[I]f a petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion

requirement would now find the claims procedurally barred, the claims are considered exhausted and procedurally defaulted for purposes of federal habeas relief." (quotation omitted)). The district court rejected as a matter of law Gonzales' claim that his procedural default was excused by ineffective assistance of counsel during state post-conviction proceedings, *see Thomas*, 218 F.3d at 1222, and concluded that Gonzales had not carried his burden of demonstrating that the failure to consider his due process claims would result in a fundamental miscarriage of justice. In the alternative, the district court undertook a thorough analysis of each of Gonzales' due process claims and concluded that they also failed on the merits.

The district court likewise concluded that the Colorado Court of Appeals' resolution of Gonzales' ineffective assistance of counsel claims was neither "contrary to" nor "an unreasonable application of" clearly established Supreme Court precedent. 28 U.S.C. § 2254(d)(1). In so doing, the district court noted that the state district court had considered on the merits each of Gonzales' five claims of ineffective assistance after an evidentiary hearing. The state court specifically found that Gonzales' testimony at the evidentiary hearing was not credible. Accordingly, the state court concluded that Gonzales had not been coerced into pleading guilty and had been adequately informed about the consequences of his guilty plea. The Colorado Court of Appeals affirmed the

state district court's denial of relief, applying the controlling analytical framework set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). Upon review of the record, the district court concluded that the state court's factual findings were supported by the record and that the Colorado Court of Appeals' resolution of Gonzales' claims was a reasonable application of *Strickland*. *See* 28 U.S.C. § 2254(d), (e).

As noted above, Gonzales must obtain a COA before he can appeal the district court's denial of his § 2254 habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A). Gonzales must make a "substantial showing of the denial of a constitutional right" before he is entitled to a COA. *Id.* § 2253(c)(2). He may make this showing by demonstrating the issues raised are debatable among jurists, a court could resolve the issues differently, or that the questions presented deserve further proceedings. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Upon review of the relevant case law, Gonzales' appellate brief and application for a COA, the district court's order, and the entire record on appeal, we conclude that the issues raised by Gonzales are not reasonably debatable, deserving of further proceedings, or subject to a different resolution on appeal.

Accordingly, for substantially the reasons stated by the district court in its thorough order filed April 24, 2001, this court **denies** Gonzales' request for a COA and **dismisses** this appeal. Gonzales' request to proceed in forma pauperis is **granted** .

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge